## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-00137-SM-SS** |
| **THEODORE BRENNAN, et al** | |

## ORDER

MOTION TO QUASH SUBPOENA (Rec. doc. 56)

**DENIED**

The plaintiffs, Edward Tuck Colbert and Kenyon & Kenyon, LLP, seek the deposition of Anita Zimmer, a CPA. Ms. Zimmer is the expert witness for the Succession of James Charles Brennan in a state court action, where the Succession is suing Theodore Brennan ("Ted Brennan"), who is a defendant in this action. The plaintiffs are intervenors in the state court action. The Succession through its representatives, Shawn Tiffany Brennan and Samantha Scott Brennan, seek an order quashing the plaintiffs' subpoena for Ms. Zimmer's deposition.

The Succession argues that Ms. Zimmer does not possess information relevant to the claims and defenses in the federal court action. The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action. Id. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26(b)(1). For the reasons presented by the plaintiffs, the discovery sought by the plaintiffs from Ms. Zimmer appears reasonably calculated to lead to the discovery of admissible evidence.

The Succession also argues that the subpoena should be quashed pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), which provides:

> To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires . . . disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. . . .

Id. (emphasis added). In the circumstances described in the rule, the Court may quash the subpoena. It is not required to quash it. Because Ms. Zimmer possess relevant information, the Court declines to quash the subpoena pursuant to Rule 45. The plaintiffs will be required to pay the reasonable cost for Ms. Zimmer's time spent in preparation for the deposition and for testifying at the deposition. The plaintiffs are not required to pay the fees of counsel for the Succession for Ms. Zimmer's deposition. The deposition shall be limited to one day of seven hours.

IT IS ORDERED that the motion of Anita Zimmer and Shawn Tiffany Brennan and Samantha Scott Brennan in their capacity as independent co-executors of the Succession of James Charles Brennan to quash subpoena (Rec. doc. 56) DENIED as provided herein.

New Orleans, Louisiana, this 10th day of September, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**