# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-137** |
| **THEODORE BRENNAN, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment based on *res judicata* filed by defendants Theodore Brennan ("Mr. Brennan") and Brennan's, Inc. (collectively, the "Brennan's Defendants").[1] For the reasons set forth below, the Brennan's Defendants' motion for summary judgment is denied.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiffs Edward Tuck Colbert ("Mr. Colbert") and Kenyon & Kenyon, Mr. Colbert's law firm (collectively, the "Colbert Plaintiffs"), filed this federal lawsuit asserting two state law claims against the Brennan's Defendants: an oblique action under Louisiana Civil Code article 2044 and a revocatory action under Louisiana Civil Code article 2036, *et seq.*[2] In 2005, Brennan's, Inc. filed suit in state court against the Colbert Plaintiffs, and others, for legal malpractice. The Colbert Plaintiffs filed a reconventional demand against Brennan's, Inc. for unpaid legal fees and costs, and also added Mr. Brennan, a shareholder of Brennan's, Inc., as defendant in reconvention. In their reconventional demand, the Colbert Plaintiffs sought to

---

[1] R. Doc. 30.

[2] *See* R. Doc. 1.

recover more than $2 million in unpaid fees from Brennan's, Inc. in a suit on open account, and sought to pierce the corporate veil and hold Mr. Brennan personally liable for that amount. Both sides filed various motions for summary judgment in the state court action.

In March 2011, the state court granted summary judgment dismissing the legal malpractice claims asserted against the Colbert Plaintiffs,[3] and granted summary judgment in favor of the Colbert Plaintiffs on their open account claim for attorneys' fees against Brennan's, Inc.[4] Also in March 2011, the state court granted summary judgment in favor of the Brennan's Defendants, refusing to pierce the corporate veil and holding that Mr. Brennan could not be held personally liable for the attorneys' fees owed by Brennan's, Inc. to the Colbert Plaintiffs.[5] In June 2011, the state court certified its judgments as final,[6] and both sides appealed shortly thereafter.[7] In September 2011, the state trial court held that, because Brennan's, Inc. did not post a suspensive appeal bond, Brennan's, Inc.'s appeal of the money judgment in favor of the Colbert Plaintiffs was devolutive, and thus the Colbert Plaintiffs could begin collecting on that judgment.[8]

---

[3] *See* R. Doc. 36, Ex. 1.

[4] *Id.*

[5] *See* R. Doc. 30, Ex. A.

[6] R. Doc. 36, Ex. 2.

[7] In February 2012, the Louisiana Court of Appeals, Fourth Circuit affirmed the trial court's judgment with respect to piercing the corporate veil, affirming the holding that Mr. Brennan could not be held personally liable for the attorneys' fees owed by Brennan's, Inc. to the Colbert Plaintiffs. *Brennan's, Inc. v. Colbert*, 11-1095 (La. App. 4 Cir. 2/29/12); 85 So.3d 787. Brennan's, Inc.'s appeal of the state court's judgment in favor of the Colbert Plaintiffs on open account for attorneys' fees is still pending.

[8] R. Doc. 36, Ex. 3.

2

The Colbert Plaintiffs claim that, during a judgment debtor examination conducted in conjunction with the September 2011 state court proceedings relating to the Brennan's Defendants' motion for suspensive appeal, they learned for the first time that Mr. Brennan owes upwards of $2 million to Brennan's, Inc., and that Brennan's, Inc. has not attempted to recover those loans from Mr. Brennan.[9] In January 2012, the Colbert Plaintiffs filed this oblique and revocatory action in federal court. In the oblique action, the Colbert Plaintiffs argue that Brennan's, Inc.'s failure to exercise its right to recover the debt owed to it by Mr. Brennan is increasing Brennan's, Inc.'s insolvency, and thus the Colbert Plaintiffs seek to "step into the shoes" of Brennan's, Inc. and force it to seek repayment of that debt. In the revocatory action, the Colbert Plaintiffs seek to annul those advances made by Brennan's, Inc. to Mr. Brennan in the three years prior to filing the complaint in this case, claiming that those advances either caused or increased Brennan's, Inc.'s insolvency. If they are successful, those funds must be returned to Brennan's, Inc. by Mr. Brennan.

In this summary judgment motion, the Brennan's Defendants argue the Colbert Plaintiffs' oblique and revocatory actions are barred by the doctrine of *res judicata*. They contend that the state trial court decided Mr. Brennan could not be held personally liable to the Colbert Plaintiffs for the attorneys' fees owed by Brennan's, Inc. and the state appellate court upheld that ruling. The argue that, as a result, the Colbert Plaintiffs cannot seek recovery from Mr. Brennan by way of oblique or revocatory action as this issue has already been fully and finally litigated. The Brennan's Defendants also argue that, even if

---

[9] *See* R. Doc. 36, Ex. 6.

3

the oblique and revocatory actions were not decided in the state court action, those actions arise out of the same transaction or occurrence that gave rise to the state court action. In response, the Colbert Plaintiffs argue that their oblique and revocatory actions were not litigated in the state court action, that their oblique and revocatory actions were not required to be brought in the state court action, and that their oblique and revocatory actions do not arise out of the same transaction or occurrence as the state court claims for legal malpractice and suit on open account for attorneys' fees. As a result, they argue, *res judicata* does not apply, and summary judgment is inappropriate.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The initial burden of demonstrating the absence of any genuine issues of material fact lies with the party seeking summary judgment. *Celotex*, 477 U.S. at 324. If the moving party fails to carry this burden, the motion must be denied. However, if the moving party successfully carries this burden, the burden then shifts to the non-moving party that a genuine issue of material fact exists. *Id.* at 322-23.

Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts

sufficient to establish that a genuine issue of material fact does indeed exist. *Id*. at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

    **II.    Louisiana Law**

        **A.    Oblique Action**

Louisiana Civil Code article 2044 states that "[i]f an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor." Under Louisiana law, "[t]he creditor's right in the oblique action is similar to the right of a third party beneficiary or the innocent victim of an

5

accident to enforce an insurance contract to which he is not a party." La. Civ. Code art. 2044 cmt. (c). Article 2041 provides the prescriptive and peremptive periods for an oblique action: "The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result." La. Civ. Code art. 2041.[10]

## B. Revocatory Action

The revocatory action is the "civil law analogue to the common law suit to set aside a fraudulent conveyance." La. Civ. Code art. 2036 cmt. (c). Article 2036 states that "[a]n obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." Thus, in order for an obligee to annul an act of the obligor, it must establish two elements: (1) an act or failure to act on the part of the obligor that causes or increases the obligor's insolvency; and (2) that the act occurred after the obligor's rights arose. *See Parish Nat'l Bank v. Wilks*, 04-1439 (La. App. 1 Cir. 8/3/05); 923 So.2d 8, 10. As such, "anteriority of the debt and insolvency of the debtor are prerequisites to the revocatory action." La. Civ. Code art. 2036 cmt. (f); *see also Lewis v. Hood*, 97-2118 (La. App. 1 Cir. 11/6/98); 721 So.2d 1078, 1080.

---

[10] The prescriptive and peremptive periods for a revocatory action under article 2036 are also governed by article 2041. *Nicholson Mgmt. & Consultants, Inc. v. Bergman*, 96-557 (La. App. 4 Cir. 9/25/96); 681 So.2d 471, 476, *writ denied*, 96-2588 (La. 1/6/97); 685 So.2d 126.

## C. Res Judicata

To determine whether the Colbert Plaintiffs' oblique and revocatory actions are barred by *res judicata*, the Court looks to state law. *See, e.g. Prod. Supply Co. v. Fry Steel Inc.,* 74 F.3d 76, 78 (5th Cir. 1996). Louisiana Code of Civil Procedure article 425 provides that "a party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Louisiana Code of Civil Procedure article 1061(B) provides that a defendant in the principal action "shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." The failure to assert a mandatory cause of action, i.e., "the failure to raise a claim that arises from the transaction or occurrence that is the subject matter of the litigation," amounts to a waiver of that claim. *Westerman v. State Farm Mut. Auto. Ins. Co.,* 01-2159 (La. App. 1 Cir 9/27/02); 834 So.2d 445, 448 (citing *Medicus v. Scott*, 32-326 (La. App. 2 Cir. 9/22/99); 744 So.2d 192, 196).

These two articles and the doctrine of *res judicata* are closely related. The doctrine of *res judicata* in Louisiana is set forth in Louisiana Revised Statute § 13:4231.[11] This

---

[11] § 13:4231 provides as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

7

statute "embraces the broad usage of the phrase '*res judicata*' to include both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel)." *Blanchard v. ABC Ins. Co.*, 38,005 (La. App. 2 Cir. 3/3/04); 867 So.2d 901, 906-07, *writ denied*, 04-1101 (La. 9/3/04), 882 So.2d 607 (citing *Hudson v. City of Bossier*, 33,620 (La. App. 2 Cir. 8/25/00), 766 So.2d 738, *writ denied,* 00-2687 (La.11/27/00), 775 So.2d 450). "Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties." *Id.*

The Louisiana Supreme Court "has established the following five elements that must be satisfied for a finding that a second action is precluded by *res judicata*." *Chevron U.S.A., Inc. v. State*, 07-2469 (La. 9/8/08); 993 So.2d 187, 194. These elements are:

    (1)    The judgment is valid;

    (2)    The judgment is final;

    (3)    The parties are the same;

    (4)    The cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and

    (5)    The cause or causes of action asserted in the second suit

---

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

>arose out of the transaction or occurrence that was the
>subject matter of the first litigation.

*Id*. (quoting *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03); 843 So.2d 1049, 1053)). The fifth element of Louisiana's *res judicata* doctrine is the "chief inquiry." *Burguieres*, 843 So.2d at 1053. Whether the second action asserts a cause of action arising out of the same transaction or occurrence as the first action is key. Requiring the plaintiff to seek all relief and assert all rights arising out of the same transaction or occurrence serves the ends of judicial economy and fairness. *Blanchard*, 867 So.2d at 904.

"The doctrine of *res judicata* is *stricti juris*." *Kelty v. Brumfield*, 93-1142 (La. 2/25/94); 633 So.2d 1210, 1215. "[E]ach element must be established beyond all question," and "any doubt concerning application of the principle of *res judicata* must be resolved against its application." *Id*.

### III. Brennan's Defendants Motion for Summary Judgment

The Brennan's Defendants request summary judgment that Mr. Brennan cannot be held personally liable for the debts of Brennan's Inc. in a revocatory or oblique action. They argue that the Colbert Plaintiffs are precluded from bringing suit against Mr. Brennan based on Louisiana's broad reading of *res judicata*; that is, under both claim and issue preclusion. According to the Brennan Defendants, the dispositive issue with respect to the Colbert Plaintiffs' revocatory and oblique actions is Mr. Brennan's personal obligation to pay the debts of Brennan's, Inc. They argue that a valid, final judgment on this issue has

been rendered by the Louisiana Court of Appeal, Fourth Circuit.[12] They alternatively argue that the Colbert Plaintiffs' causes of action in this federal action existed before the Fourth Circuit's final judgment, and that even if the Colbert Plaintiffs' oblique and revocatory actions were not decided in the state court action, the Colbert Plaintiffs should have asserted the oblique and revocatory actions at that time.[13] The Brennan's Defendants further argue that the Colbert Plaintiffs' oblique and revocatory actions arise out of the same transaction or occurrence that gave rise to the state court action.

The Court must determine whether the fifth element of the *res judicata* analysis, i.e., that the causes of action asserted in the second lawsuit arise out of the same transaction or occurrence that gave rise to the first lawsuit, has been met. *See Chevron*, 993 So.2d at 194; *Burguieres*, 843 So.2d at 1053; *see also* LA. CODE CIV. PROC. art. 425; LA. CODE CIV. PROC. art 1061. In this situation, it is undisputed that the state court petition and reconventional demand arose out of an attorney-client relationship gone bad between Brennan's, Inc. and the Colbert Plaintiffs. It is also undisputed that this federal court action arises out of loans from Brennan's, Inc. to Mr. Brennan and the Colbert Plaintiffs' right to recover those funds

---

[12] While Mr. Brennan's personal liability for attorneys' fees owed by Brennan's, Inc. to the Colbert Plaintiffs was litigated in state court, it is clear that Mr. Brennan's personal liability to Brennan's, Inc. for loans advanced to him by Brennan's, Inc. was never even raised in the state court action, let alone fully and finally litigated.

[13] The Brennan's Defendants state that, during the pendency of the state court action, the Colbert Plaintiffs at the very least should have known of Mr. Brennan's debt to Brennan's, Inc. and of Brennan's, Inc.'s failure to seek repayment of that debt, and that they should have litigated the revocatory and oblique actions in the state court. The Colbert Plaintiffs claim they did not come upon this information until the state court entered a judgment in their favor and Brennan's, Inc.'s motion for suspensive appeal was denied. They say it was only after they initiated collection proceedings and conducted a judgment debtor examination of Brennan's, Inc. in September 2011 that they learned of the financial relationship between Brennan's, Inc. and Mr. Brennan. What the Colbert Plaintiffs knew regarding the loans to Mr. Brennan and when they knew it - both facts critical to the fourth element of *res judicata* - are very much in dispute.

by way of a revocatory or oblique action.

The state court action and the federal court action involve different issues of both law and fact. The events entitling the Colbert Plaintiffs to assert their oblique and revocatory actions against the Brennan's Defendants (the federal court action) are not "logically related" to the events that gave rise to the legal malpractice action or suit on open account for attorneys' fees (the state court action). *See Blanchard*, 867 So.2d 901, 906-07; *also Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.,* 97-28 (La. App. 3 Cir.10/29/97), 702 So.2d 1057. The doctrine of *res judicata* must be strictly construed and any doubt resolved against its application. *Kelty,* 633 So.2d at 1215. Given these principles of Louisiana law, the Court finds that this federal action does not arise out of the same "transaction or occurrence" as the state court action, and the fifth element of *res judicata* has not been met.[14] Because it is clear that the Colbert Plaintiffs have not satisfied the fifth element of *res judicata*, the Court need not address whether any of the other elements of the doctrine have been met. *Burguieres*, 843 So.2d at 1053; *Kelty,* 633 So.2d at 1215. The Colbert Plaintiffs' federal causes of action are not barred by *res judicata* and the Brennan's Defendants' motion for summary judgment must be denied.

---

[14] The Brennan's Defendants also argue that the state trial court's decision in *Nicholson* should control this Court's determination of the Brennan's Defendants' entitlement to assert the *res judicata* doctrine. *See Nicholson*, 681 So.2d 471. The state trial court, on relatively similar facts, held that the plaintiff's oblique action was barred by *res judicata*. *Id*. The appellate court, however, held that the trial court erred in failing to grant exceptions of prescription and no cause of action, and expressly declined to rule on the issue of *res judicata*. *Id*. at 475-78. The appellate court stated that the petition for oblique action, which asserted a breach of fiduciary duty claim against Nicholson's corporation, did not state a cause of action for such a breach, and also that the oblique action had prescribed. *Id*. The appellate court affirmed the dismissal of the oblique action on these grounds, not on *res judicata* grounds. Accordingly, and as recognized by the Colbert Plaintiffs, the *Nicholson* case is inapposite, and neither the trial court's ruling, nor the appellate court's comments in dicta, hold precedential or persuasive value in this Court's determination of the *res judicata* issue now pending before it.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Brennan's Defendants' motion for summary judgment based on *res judicata* be and hereby is **DENIED.**

**New Orleans, Louisiana, this  8th  day of October, 2012.**

                                                         _____
                                                               **SUSIE MORGAN**
                                            **UNITED STATES DISTRICT JUDGE**