## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDWARD TUCK COLBERT, et al.,**                    **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**                                         **NO. 12-137**

**THEODORE BRENNAN, et al.,**                      **SECTION "E"**
    **Defendants**

## ORDER AND REASONS

Before the Court is a "Motion for Summary Judgment on Prescription" filed by defendants Theodore Brennan ("Ted Brennan") and Brennan's, Inc.[1] Plaintiffs oppose the motion.[2] Defendants have filed a reply in further support of their motion.[3] The Court heard oral argument on defendants' motion for summary judgment on November 16, 2012.[4] For the reasons set forth below, defendants' motion for summary judgment is denied with prejudice. Plaintiffs' oblique action is not prescribed as a matter of law. Plaintiffs informed the Court at oral argument that they have withdrawn their revocatory action and are only pursuing an oblique action against defendants, so the Court does not address defendants' motion for summary judgment on prescription with respect to the revocatory action.

## BACKGROUND

Plaintiffs are asserting an oblique action against defendants under Louisiana Civil Code

---

[1] R. Doc. 116.

[2] R. Doc. 124.

[3] R. Doc. 132.

[4] R. Doc. 135.

article 2044.[5]  Plaintiffs allege that they are judgment creditors of Brennan's, Inc., and that Brennan's, Inc. is insolvent.[6]  Plaintiffs also allege that Ted Brennan is indebted to Brennan's, Inc., and that Brennan's, Inc. is failing to seek repayment of loans it made to Ted Brennan.[7] Plaintiffs argue that Brennan's, Inc.'s failure to seek repayment of those loans either caused or increased Brennan's, Inc.'s insolvency.[8]  In this oblique action, plaintiffs seek to "step into the shoes" of Brennan's, Inc. and seek repayment of the loans from Ted Brennan on behalf of Brennan's, Inc.

## ARGUMENTS OF THE PARTIES

In their motion for summary judgment, defendants argue that plaintiffs' oblique action has prescribed.  Defendants contend that plaintiffs are limited to seeking repayment of loans made to Ted Brennan within one year of January 18, 2012 - the date of the filing of this lawsuit - and claim that Ted Brennan paid more money to Brennan's, Inc. during that one year period than Brennan's, Inc. loaned to him, and thus that plaintiffs' oblique action must fail.[9]  In support of their motion for summary judgment, defendants attach an excerpt of a judgment debtor examination conducted by plaintiffs' counsel of Brennan's, Inc. in connection with the state court action that led to this federal lawsuit[10] and the sworn affidavit of Bridget Brennan Tyrrell,

---

[5] *See* R. Doc. 1 (Complaint).

[6] *See* R. Doc. 124 at pp. 2-4.

[7] *Id*. at p. 4.

[8] *Id*. at pp. 4-5.

[9] *See* R. Doc. 116-1.  Defendants also argue that the amount of money paid to Brennan's, Inc. by Ted Brennan from January 2009 to January 2012 exceeds the amount of the loans taken by Ted Brennan from Brennan's, Inc. during that same period.

[10] *Id.  See also* R. Doc. 116-2 (Excerpt of September 2011 judgment debtor examination).

2

the treasurer of Brennan's, Inc.[11]  Defendants have not provided the Court, or opposing counsel, with other evidence relative to loans from Brennan's, Inc. to Ted Brennan nor with respect to any amounts of money Ted Brennan allegedly paid to Brennan's, Inc.

In response, plaintiffs argue that defendants' motion for summary judgment is predicated on a fundamental misunderstanding of prescription and peremption for oblique actions under Louisiana law.  They say that, because their claims are not facially prescribed, the burden is on defendants to prove prescription, and that defendants have failed to carry that burden.  They also attack defendants' summary judgment evidence as inadmissible, self-serving hearsay, and argue that the affidavit was submitted in bad faith.

Plaintiffs argue that their oblique action is, in fact, timely, as the prescriptive period on their claim began to run in September 2011, when they learned that Brennan's, Inc. was not seeking to recover the debt owed to it from Ted Brennan.  Plaintiffs argue that defendants have not provided the Court any competent evidence that plaintiffs learned of this failure to act any earlier than September 2011.  Plaintiffs also argue that the prescriptive and peremptive periods applicable to oblique actions do not set time limits on the loans that a creditor, standing in the shoes of its debtor, can recover from a third party, but instead set an outer limit on when an oblique action may be initiated.  Plaintiffs argue that they brought their oblique action within the applicable prescriptive period, and because the nature of the oblique action is such that plaintiffs exercise Brennan's, Inc.'s right to seek repayment, the time period during which plaintiffs may recover loans made to Ted Brennan is limited by the prescriptive period applicable to the recovery of the loans, and not the prescriptive period applicable to the

---

[11] R. Doc. 116-3.

initiation of an oblique action.

## ANALYSIS

### I.      Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The initial burden of demonstrating the absence of any genuine issues of material fact lies with the party seeking summary judgment. *Celotex*, 477 U.S. at 324. If the moving party fails to carry this burden, the motion must be denied. However, if the moving party successfully carries this burden, the burden then shifts to the non-moving party that a genuine issue of material fact exists. *Id.* at 322-23.

Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v.*

4

*Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000).  All reasonable inferences are drawn in favor of the nonmoving party.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.     Prescription Generally; Burden of Proof

In this diversity case, the Court applies the prescriptive period of the forum state as substantive law.  *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).  Under Louisiana law, the burden of proving prescription ordinarily rests with the defendant.  *Campo v. Correa*, 01-2707 (La. 6/21/02); 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that its claims have not prescribed.  *Id.* at 508; *Carter v. Haygood*, 04-646 (La. 1/19/05); 892 So.2d 1261, 1267.

## III.     Oblique Action

Louisiana Civil Code article 2044 states that "[i]f an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor.  LA. CIV. CODE. art. 2044.  This action is known as an oblique action. To assert an oblique action, the obligee must join in the suit "his obligor and the third person against whom that right is asserted."  *Id.*  Article 2041 provides the prescriptive and peremptive periods for an oblique action: "The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result." LA. CIV. CODE art. 2041; *see also Nicholson Mgmt. & Consultants, Inc. v.*

*Bergman*, 96-557 (La. App. 4 Cir. 9/25/96); 681 So.2d 471, 476 (article 2041 applies to oblique actions, even though it is contained in the revocatory action section of the Civil Code). Accordingly, an oblique action arises when a creditor learns of its debtor's failure to assert a right against a third party indebted to the debtor. The creditor then "steps into the shoes" of the debtor and exercises the debtor's right to seek repayment of the third party's debt.

Because the oblique plaintiffs are exercising a right belonging to Brennan's, Inc. as if it were Brennan's, Inc. itself exercising that right, plaintiffs' ability to seek repayment of loans is limited only by whatever legal and temporal restrictions the law places on Brennan's, Inc.'s ability to seek repayment of loans directly from Ted Brennan. Accordingly, while the initiation of plaintiffs' oblique action is governed by article 2041's one year prescriptive period, *Nicholson*, 681 So.2d at 476, once the oblique action has been timely initiated, the time period during which plaintiffs may seek recovery of loans from Ted Brennan, on behalf of Brennan's, Inc., is governed by the ten year liberative prescriptive period applicable to personal actions. *See* La. Civ. Code art. 3499. To hold that article 2041 not only limits the time in which an oblique action can be brought, but also sets a time limit on the loans that can be recovered by the oblique plaintiff, as defendants suggest, would lead to an absurd result and would severely limit the oblique action in a way the Louisiana legislature and Louisiana courts surely never contemplated.

## IV. Plaintiffs' Oblique Action Is Not Prescribed

In this case, plaintiffs' oblique action clearly is not prescribed. Plaintiffs have provided the Court with evidence showing that they first learned of Brennan's, Inc.'s failure to seek repayment of loans it made to Ted Brennan in September 2011. This action was instituted in January 2012, well within the one year prescriptive period applicable to oblique actions.

Because plaintiffs' oblique action is not facially prescribed, the burden is on defendants to prove that plaintiffs' claim is prescribed.  Defendants have not carried that burden, as they have not introduced any evidence contradicting plaintiffs' assertion that they learned of Brennan's, Inc.'s failure to seek repayment of Ted Brennan's loans in September 2011.

## CONCLUSION

Accordingly, **IT IS ORDERED** that defendants' motion for summary judgment be and hereby is **DENIED WITH PREJUDICE.**

**New Orleans, Louisiana, this** 28th **day of November, 2012.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**