## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDWARD TUCK COLBERT, et al.,**                    **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**                                         **NO. 12-137**

**THEODORE BRENNAN, et al.,**                       **SECTION "E"**
    **Defendants**

### ORDER AND REASONS

Before the Court is a Report and Recommendations issued by Magistrate Judge Sally Shushan.[1] Judge Shushan recommends that the Court strike the answer and amended answer of defendants Theodore Brennan ("Ted Brennan") and Brennan's, Inc. pursuant to Federal Rule of Civil Procedure 37.[2] Defendants filed a timely objection to Judge Shushan's Report and Recommendations.[3] On November 21, 2012, plaintiffs filed a pleading in further support of Judge Shushan's Report and Recommendations.[4] On November 29, 2012, defendants responded to plaintiffs' November 21 pleading.[5] For the reasons set forth below, the Court declines to adopt Judge Shushan's Report and Recommendations. The Court finds a combination of lesser sanctions will be effective, and thus the Court imposes sanctions but ones other than those recommended by Judge Shushan.

---

[1] R. Doc. 121.

[2] *Id.* Judge Shushan's Report and Recommendations was issued in response to plaintiffs' Renewed Motion for Contempt and Sanctions. *See* R. Doc. 109. The procedural history of this case leading up to Judge Shushan's Report and Recommendations will be discussed in detail below.

[3] R. Doc. 127.

[4] R. Doc. 142.

[5] R. Doc. 150.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

The facts of this case, and the grounds for plaintiffs' causes of action against defendants, have been fully explored in other orders.[6]  The Court will not repeat that background information here.  This order focuses on defendants' conduct leading to Judge Shushan's recommendation that defendants' answer and amended answer be stricken.

### I.     Defendants' Discovery Failures

On August 10, 2012, the parties jointly moved for a continuance of the trial date and other pretrial deadlines in this matter, stating that "[t]he continuance is necessary because counsel have been unable to schedule and complete depositions of primary fact witnesses."[7]  In response to this motion, the Court held a telephone status conference with counsel, at which time counsel for plaintiffs informed the Court that they were having trouble scheduling the depositions of Ted Brennan and June Wiley, Brennan's, Inc's bookkeeper.[8]  Plaintiffs also noted that defendants had yet to respond to a second document production request propounded on August 16, 2012.  The Court ordered that defendants make Ted

---

[6] *See, e.g.* R. Doc. 105 (order denying defendants' motion for summary judgment based on *res judicata*).

[7] R. Doc. 50.  This matter was transferred to this Court from Section "C," and this joint motion to continue was the first the Court learned of the parties' discovery issues.  However, it appears that defendants' failure to comply with their discovery obligations predates the transfer of this case to Section "E."  While this case was still pending before Section "C," defendants filed motions for extension of time to respond to document production requests and requests for admission propounded by plaintiffs on February 28, 2012 and March 9, 2012, respectively.  *See* R. Doc. 17; R. Doc. 24.  Plaintiffs opposed those extensions, complaining that defendants had not attempted to resolve these discovery issues with plaintiffs and that defendants were trying to delay this suit.  *See* R. Doc. 25; R. Doc. 26.  Within days of the case being transferred, Judge Shushan ruled on defendants' motions, noting the discovery issues between the parties and ordering defendants to respond to plaintiffs' requests.  *See* R. Doc. 29.

[8] R. Doc. 52.

Brennan and June Wiley available for deposition during the week of August 27, 2012, and that defendants respond to plaintiffs' August 16 discovery requests by August 27, 2012.[9] Hurricane Isaac struck the New Orleans area on the evening of August 28, 2012. Neither deposition went forth as scheduled that week. Defendants also did not respond to plaintiffs' August 16 discovery requests by the August 27, 2012 deadline.

On September 7, 2012, plaintiffs filed a motion to compel the depositions of Ted Brennan and June Wiley and to compel defendants' response to the August 16 discovery requests.[10] Defendants did not respond to this motion to compel. On September 17, 2012, Judge Shushan granted plaintiffs' motion to compel, ordering defendants to respond, fully and in writing, to the August 16 discovery requests no later than September 21, 2012, and to make Ted Brennan and June Wiley available for deposition no later than September 28, 2012.[11]

On September 25, 2012, plaintiffs filed a motion for contempt and sanctions against defendants because defendants failed to comply with Judge Shushan's September 17 Order by failing to provide plaintiffs with complete or current financial documents by the September 21 deadline for document production.[12] In defendants' opposition to the motion for contempt and sanctions, defendants stated that they could not provide up-to-date

---

[9] *Id.*

[10] R. Doc. 72 (plaintiffs' motion to compel); *see also* R. Doc. 68 (plaintiffs' motion for extension of deadline to disclose expert reports, citing defendants' failure to respond to discovery requests).

[11] R. Doc. 78.

[12] R. Doc. 80.

information because they do not have any up-to-date information, arguing that "[a] request for production cannot force a party to produce documents that it does not have."[13] Defendants also argued that documents related to Brennan's, Inc.'s BP Oil Spill claim, which plaintiffs sought in their August 16 discovery requests, were in the possession of the attorney representing Brennan's, Inc. in that claim, and that the documents are privileged.

On September 28, 2012, defendants moved to continue the November 5, 2012 trial date, citing June Wiley's and Ted Brennan's health issues as a reason for the difficulty in scheduling their depositions and for their repeated failure to appear for scheduled depositions.[14]  This motion to continue did not provide any reason for defendants' failure to provide plaintiffs with the financial documents sought by plaintiffs due on September 21. Ted Brennan and June Wiley both failed to appear for their depositions, which were required to be held on or before September 28.[15]

On October 1, 2012, Judge Shushan granted plaintiffs' motion for sanctions in part. Her order reads, in part, as follows:

> By Monday, October 8, 2012, the defendants shall require the attorney representing Brennan's in its claim against BP, the Laporte firm,[16] Susan McDonald and William Legier[17] to

---

[13] *See* R. Doc. 88.

[14] R. Doc. 89.

[15]  R. Doc. 96 (plaintiffs' supplemental motion for contempt and sanctions).

[16] The LaPorte firm is Brennan's, Inc.'s accountant.

[17] At the time of Judge Shushan's October 1 Order, defendants had listed Susan McDonald and William Legier as experts.  Plaintiffs moved to compel the deposition of these witnesses, *see* R. Doc. 87, but defendants have since withdrawn Ms. McDonald and Mr. Legier as experts.  *See* R. Doc. 133.

produce to plaintiffs all financial information in their possession relating to Brennan's and Ted Brennan for the years 2009, 2010, 2011 and 2012. This shall include any: (1) financial documents, financial statements, profit and loss statements, including the digital general ledger; (2) lists of assets and liabilities of the company; (3) documents related to tax liens; (4) documents related to payments by Ted Brennan on his house loan account; and (5) documents related to the present indebtedness of Ted Brennan to Brennan's.

By Monday, October 8, 2012, the defendants shall produce to plaintiffs declarations from the attorney representing Brennan's in the oil spill claim, the managing partner of the Laporte firm, Susan McDonald and William Legier that such financial information was produced.

***

During the week of October 8, 2012, June Wiley and Ted Brennan shall appear for their depositions. Each deposition shall be a one day deposition of seven (7) hours exclusive of reasonable breaks. Counsel shall work cooperatively to schedule the depositions.[18]

Judge Shushan did not issue any other sanctions against defendants, but stated that "[i]f the defendants fail to comply with this order, it will be recommended that the District Judge enter a judgment against Ted Brennan in the amount of Ted Brennan's indebtedness to Brennan's and recognizing and enforcing the plaintiffs' right to the monies owed by Ted Brennan to Brennan's with the amount of Ted Brennan's indebtedness to Brennan's as the only issue remaining for trial."[19]

On October 4, 2012, the Court granted the motion to continue the trial date from

---

[18] R. Doc. 95.

[19] *Id*.

November 5, 2012 to December 10, 2012, but specifically stated that Judge Shushan's October 1, 2012 Order with respect to the depositions of Ted Brennan and June Wiley remained in effect.[20]

## II.   Plaintiffs' Renewed Motion for Contempt and Sanctions

On October 12, 2012, plaintiffs reported to Judge Shushan that defendants had failed to comply with the October 1 Order and filed a renewed motion for contempt and sanctions, requesting that Judge Shushan recommend that this Court enter a default judgment against defendants.[21]  Plaintiffs explained to Judge Shushan that defendants failed to produce the documents listed in the October 1 Order.[22]  Plaintiffs also explained that defendants failed to produce Ted Brennan and June Wiley for their scheduled depositions, and stated that no reason was given, on the record or off, for the failure of either individual to appear. Plaintiffs' renewed motion for contempt and sanctions was set for submission on October 31, 2012 before Judge Shushan.  On October 30, 2012, defendants filed a belated opposition to plaintiffs' renewed motion, stating that  "defendants have been working hard to participate in discovery despite very trying circumstances and have turned over every single document in their possession that is responsive to plaintiffs' discovery . . .The depositions

---

[20] R. Doc. 100.

[21] *See* R. Doc. 109.

[22] On October 30, 2012, plaintiffs informed Judge Shushan that the LaPorte firm produced certain Brennan's, Inc. financial records for 2009 and 2010, and also a certification that the firm has no current financial documents, after plaintiffs' renewed motion for contempt and sanctions was filed.  *See* R. Doc. 115 (plaintiffs' supplemental memorandum in support of renewed motion for contempt and sanctions).

have not yet been completed because of medical issues."[23]  In support of this opposition, defendants attached an affidavit of Bridget Brennan Tyrrell, the treasurer of Brennan's, Inc. and the daughter of Ted Brennan.[24]  Bridget Brennan Tyrrell's affidavit offers various excuses for defendants' repeated failure to produce documents and witnesses, including: (1) that Brennan's, Inc. is behind on the preparation of current financial reports by "about a year and a half;" (2) that Ted Brennan and June Wiley were deposed in state court actions on related issues; (3) that Ted Brennan's eldest daughter experienced health issues that prevented Ted Brennan from attending his deposition scheduled for August 6, 2012; (4) that a scheduling error prevented June Wiley from attending her deposition scheduled for August 6, 2012; (5) that Hurricane Isaac caused June Wiley's and Ted Brennan's depositions scheduled for the week of August 27, 2012 to be rescheduled; (6) that June Wiley experienced a health issue that prevented her from attending her deposition scheduled for September 27, 2012 and rescheduled for September 28, 2012; (7) that Ted Brennan experienced a health issue that prevented him from attending his deposition scheduled for September 28, 2012; (8) that Bridget Brennan Tyrrell's daughter experienced a health issue in late September or early October 2012; and (9) that the parties are involved in other litigation in state and federal court.[25]

---

[23] R. Doc. 120.

[24] R. Doc. 120-1.

[25] *Id.*

### III.   Judge Shushan's Report and Recommendations

In response to plaintiffs' renewed motion for contempt and sanctions, and citing defendants' pattern of abuse and failure to comply with specific Court orders, Judge Shushan recommended on October 31, 2102 that defendants' answer and amended answer be stricken from the record.[26]  Defendants filed an objection to Judge Shushan's Report and Recommendations on November 12, 2012, reiterating the reasons for failing to produce Ted Brennan and June Wiley for their depositions and for failing to produce the documents sought by plaintiffs articulated in Bridget Brennan Tyrrell's October 30, 2012 affidavit.[27]

### IV.   Defendants' Final Chance

On November 16, 2012, the Court conducted a pretrial conference in advance of the December 10, 2012 bench trial of this matter.[28]  At this conference, plaintiffs explained to the Court that Ted Brennan and June Wiley still had not been produced for deposition, and also that, other than the limited financial documents provided to plaintiffs by LaPorte, defendants continued to refuse to comply with Judge Shushan's October 1 Order to produce the documents requested.  At this conference, the Court informed the defendants that it would allow them one final chance to comply with the Court's orders and their discovery obligations.[29]  The Court ordered the following:

---

[26] As noted above, plaintiffs, in their renewed motion for contempt and sanctions, requested that Judge Shushan recommend that a default judgment be entered against defendants.  Judge Shushan declined this invitation, recommending that defendants' answers be stricken instead.

[27] R. Doc. 127.

[28] *See* R. Doc. 134.

[29] *See id*.

Defendants shall produce the following documents to counsel
for plaintiffs no later than November 20, 2012, at noon:

•  A list of all assets and liabilities of Brennan's, Inc. as of June
   30, 2012. While a formal balance sheet is preferred, a more
   informal but complete listing of assets and liabilities will be
   acceptable.  For purposes of determining the solvency of
   Brennan's, Inc. at the bench trial of this case, the defendants
   will be limited to presenting evidence of assets and liabilities on
   this list.

•  A separate accounting for Ted Brennan, indicating the balance
   of Ted Brennan's loan indebtedness to Brennan's, Inc., for
   fiscal years 2004-2005, 2005-2006, 2006-2007, 2007-2008,
   2008-2009, 2009-2010, 2010-2011, and 2011-2012, and any
   credits he received in these years.  This accounting must
   indicate the current balance of Ted Brennan's loan
   indebtedness to Brennan's, Inc., as of June 30, 2012, and the
   credits he has received.  Any credits must include the amount
   of the credit, the date of the credit, and the reason for the
   credit.

•  A General Ledger Detail Report for Ted Brennan for fiscal years
   2004-2005, 2005-2006, 2006-2007, 2007-2008, 2008-2009,
   2009-2010, 2010-2011, and 2011-2012.

In addition to producing these documents, the following
individuals shall appear for deposition by counsel for plaintiffs
at the following times.

•  Ted Brennan shall appear for deposition by counsel for
   plaintiffs on November 20, 2012, at 1:30 p.m.  This deposition
   shall take place in Judge Morgan's courtroom, located at 500
   Poydras St., Room C-502, New Orleans, LA 70130.

•  June Wiley shall appear for deposition by counsel for plaintiffs
   on November 21, 2012, at 9:00 a.m.  This deposition shall take
   place in Judge Morgan's courtroom, located at 500 Poydras St.,
   Room C-502, New Orleans, LA 70130.[30]

---

[30] *Id.*

9

The Court also stated that this order would serve as defendants' final warning, and that failure to comply with this order would result in severe sanctions.[31]

Defendants failed to fully comply with the November 16 Order.[32]  With respect to the documents the Court ordered produced, defendants produced only (1) a document titled "Brennan's, Inc. Assets & Liabilities as of 6/30/12"[33] prepared by Bridget Brennan Tyrrell, and (2) a series of general ledgers for Brennan's, Inc.[34]  Defendants failed to produce the following financial documents specific to Ted Brennan:

- A separate accounting for Ted Brennan, indicating the balance of Ted Brennan's loan indebtedness to Brennan's, Inc., for fiscal years 2004-2005, 2005-2006, 2006-2007, 2007-2008, 2008-2009, 2009-2010, 2010-2011, and 2011-2012, and any credits he received in these years.  This accounting must indicate the current balance of Ted Brennan's loan indebtedness to Brennan's, Inc., as of June 30, 2012, and the credits he has received.  Any credits must include the amount of the credit, the date of the credit, and the reason for the credit.

- A General Ledger Detail Report for Ted Brennan for fiscal years 2004-2005, 2005-2006, 2006-2007, 2007-2008, 2008-2009, 2009-2010, 2010-2011, and 2011-2012.

Defendants have also failed to fully comply with Judge Shushan's Order dated October 1, 2012.

Furthermore, Ted Brennan failed to appear for his 1:30 p.m. deposition on

---

[31] *Id.*

[32] *See* R. Doc. 142 (plaintiffs' memorandum to supplement record, detailing defendants' failure to comply with the November 16 Order).

[33] R. Doc. 142-1.

[34] *See* R. Doc. 142-2.

November 20, 2012. Approximately one hour before the deposition was scheduled to begin, counsel for defendants contacted the Court to explain that Ted Brennan could not appear for the deposition because of a medical issue with one of his family members. Counsel related that he was not at liberty to inform the Court of the nature of the emergency or why this prevented Ted Brennan from appearing for his deposition. The Court denied counsel's oral request that Ted Brennan's deposition be delayed. Ted Brennan did not appear at 1:30 p.m. Defendants then filed a motion for extension of the deadlines set forth in the November 16 Order.[35] Because the nature of the medical emergency disclosed to the Court and counsel involved a family member, not Ted Brennan, and was of a non-life threatening nature, the Court denied defendants' motion for extension of time, and re-ordered that Ted Brennan appear for his deposition at 2:30 p.m. that same day.[36] Ted Brennan did not appear at 2:30 p.m. June Wiley did not appear for her deposition at 9:00 a.m. on November 21, 2012.

## SANCTIONS

### I.     Rule 37(b)

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the district court to issue sanctions against a party that fails to comply with a court order regarding discovery. FED. R. CIV. P. 37(b)(1). Rule 37 also provides the district court with options regarding sanctions in this situation, ranging from the lodging of monetary fines to taking certain

---

[35] *See* R. Doc. 136 (defendants' motion for extension of deadlines).

[36] R. Doc. 137.

allegations as true to the rendering of a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).  Discovery sanctions are reviewed for an abuse of discretion.  *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002).

The district court's discretionary decision to impose sanctions under Rule 37(b) is guided by two considerations: (1) that any sanction be "just;" and (2) that the chosen sanction "specifically relate[ ] to the particular 'claim' which was at issue in the order to provide discovery."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982); *see also Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 413–14 (5th Cir. 2004).  The chosen sanction should also meet Rule 37's goal of "punishing the party which has obstructed discovery and deterring others who would otherwise be inclined to pursue similar behavior."  *Chilcutt v. United States*, 4 F.3d 1313,  1321 (5th Cir. 1993) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). While lesser sanctions such as fines and deeming certain facts to be established do not require a finding of willfulness or bad faith on the part of the disobedient party, the more drastic sanctions, such as the entry of a default judgment or the outright dismissal of a case, require a finding of willfulness and a finding that "a lesser sanction would not substantially achieve the desired deterrent effect." *See United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted).

As detailed above, defendants have not only repeatedly failed to comply with the Federal Rules of Civil Procedure regarding discovery, but also have wilfully failed to comply with specific orders issued by Judge Shushan and this Court. The Court agrees with Judge

12

Shushan that defendants' conduct clearly is sanctionable under Rule 37.  However, the Court disagrees with Judge Shushan in the determination of which available sanction or combination of sanctions is necessary to remedy the results of defendants' discovery abuses, and which sanctions and penalties will result in the most fair resolution of this case.[37]  While Judge Shushan found striking defendants' answer and amended answer to be appropriate, the Court finds a combination of the lesser sanctions available under Rule 37(b)(2) to be sufficient under the circumstances.  The Court's sanctions are set forth in detail below.

## II.   The Court Finds that Plaintiffs have Shown a Prima Facie Case with Respect to the Elements of their Oblique Action[38]

As a result of defendants' repeated and willful failure to comply with their discovery obligations under the Federal Rules of Civil Procedure and with various Court Orders, the Court finds the following sanctions are just and specifically relate to defendants' violations.

Plaintiffs have asserted an oblique action against defendants, pursuant to article 2044 of the Louisiana Civil Code.  To succeed on their oblique action, plaintiffs must establish the following: (1) that they are creditors of Brennan's, Inc.; (2) that a third party is indebted to Brennan's, Inc. - in this case, that third party is Ted Brennan; (3) that

---

[37] The Court notes that Judge Shushan's recommendation is reasonable and justifiable given the persistent pattern of abuse engaged in by defendants, especially defendants' blatant failure to comply with specific discovery-related orders issued by Judge Shushan and this Court.  The Court believes defendants' actions to be willful and in bad faith such that the sanctions recommended by Judge Shushan are authorized by law.  However, because the Court finds that a lesser penalty than the striking of defendants' answers will effectively remedy those issues, the Court declines to adopt Judge Shushan's recommendation, and will not order defendants' answer and amended answer to be stricken from the record.  Thus, a finding that the defendants acted in bad faith and willfulness is not necessary.

[38] In their original complaint, plaintiffs also asserted a revocatory action, pursuant to Louisiana Civil Code article 2036, *et seq.*, but at oral argument on the parties' cross-motions for summary judgment on November 16, 2012, counsel for plaintiffs explained that plaintiffs are no longer asserting a revocatory action.

Brennan's, Inc. is failing to exercise its right to seek repayment of Ted Brennan's debt to Brennan's, Inc., which right is not strictly personal to Brennan's, Inc.; (4) that Brennan's, Inc. is insolvent; and (5) that Brennan's, Inc.'s failure to exercise its right to seek repayment of the debt owed by Ted Brennan either caused or increased that insolvency.

The repeated failure of Ted Brennan and June Wiley to appear for their depositions, combined with defendants' failure to respond to written discovery as ordered, has deprived plaintiffs of the information they need to prove their claims.  Plaintiffs should not be punished for defendants' blatant failure to comply with their obligations under the Federal Rules of Civil Procedure, the Orders of Judge Shushan, and the Orders of the Court.  As a result, pursuant to Rule 37(b)(2)(A)(i), the Court finds that plaintiffs have established a prima facie case with respect to the five elements of their oblique action, as set forth below. The plaintiffs may introduce into the record documents supporting their prima facie case at the trial scheduled to begin on December 10, 2012.

### A.   Plaintiffs Are Creditors of Brennan's, Inc.

In March 2011, the state court granted summary judgment in favor of the plaintiffs on their open account claim for attorneys' fees against Brennan's, Inc. in the amount of $2,124,199.72.[39]  In June 2011, the state court entered a judgment in favor of the plaintiffs on their motion for judgment on offer of judgment in the amount of $37,975.43 and on their motion to set reasonable attorney's fees in the amount of $771,110.35.[40]  In June 2011,

---

[39] *Id.  See also* R. Doc. 154 (Plaintiffs' suggested findings of fact and conclusions of law).

[40] R. Doc. 154.

the state court certified its judgments as final,[41] and Brennan's, Inc. appealed shortly thereafter. In September 2011, the state trial court held that, because Brennan's, Inc. did not post a suspensive appeal bond, Brennan's, Inc.'s appeal of the money judgments in favor of plaintiffs was devolutive, and thus plaintiffs could begin collecting on those judgments.[42]  As of the date of this Order, Brennan's, Inc.'s devolutive appeal of the state court's judgments in favor of plaintiffs on open account for attorneys' fees, judgment on offer of judgment, and motion for attorney's fees, are still pending before the Louisiana Court of Appeals, Fourth Circuit.

The Court finds that, by virtue of their state court judgments, plaintiffs have made a prima facie showing that they are creditors of Brennan's, Inc. in the amount of $4,070,135.84 plus judicial interest.[43] Plaintiffs may offer evidence to establish the current amount of this debt at the trial of this matter.  The Court finds that this sanction is just and is specifically related to defendants' failure to comply with Judge Shushan's Order of October 1, 2012 and this Court's Orders regarding discovery.

>    **B.**    **Ted Brennan is Indebted to Brennan's, Inc. in the Amounts Shown on the General Ledgers Produced by the Defendants**

On November 16, 2012, the Court explicitly ordered defendants to produce a separate accounting for Ted Brennan, indicating the historical and current balance of Ted Brennan's loan indebtedness to Brennan's, Inc., and any credits he allegedly was entitled to, as of June

---

[41] R. Doc. 36-2.

[42] R. Doc. 36-3.

[43] *See* R. Doc. 154.

30, 2012, as well as a General Ledger Detail Report for Ted Brennan, as of June 30, 2012.[44] Defendants produced only a series of account entries under the name of Ted Brennan on the general ledgers for Brennan's, Inc.[45]  These documents produced failed to satisfy the requirements of Judge Shushan's October 1, 2012 Order or this Court's November 16, 2012 Order.  Defendants have failed to produce the documents as ordered, and Ted Brennan and June Wiley have failed to appear for their depositions, despite being ordered repeatedly to do so.  As a result, the Court finds that plaintiffs have established a prima facie case that Ted Brennan is indebted to Brennan's, Inc in the amount of $4,322,840.27 as of June 28, 2011.[46]  Plaintiffs may offer evidence to establish the current amount of the debt at the trial of this matter.  The Court finds that this sanction is just and is specifically related to defendants' failure to comply with Judge Shushan's Order of October 1, 2012 and this Court's Orders regarding discovery, as well as the failure of Ted Brennan and June Wiley to appear for their depositions.

### C.   Brennan's, Inc. is Refusing to Exercise its Right to Seek Repayment of Ted Brennan's Debt

Brennan's, Inc. admitted that it is not seeking repayment of loans made to Ted Brennan during a September 2011 judgment debtor examination.[47]  As a result of defendants' repeated and willful discovery abuses, including their failure to produce

---

[44] *See* R. Doc. 134 at p. 3.

[45] R. Doc. 148-3.

[46] *See* R. Doc. 154.

[47] R. Doc. 117-10.

documents,[48] Ted Brennan's failure to appear for deposition, and June Wiley's failure to appear for deposition, the Court finds that plaintiffs have made a prima facie showing that Brennan's, Inc. is refusing to exercise its right to seek repayment from Ted Brennan.   The Court finds that this sanction is just and is specifically related to defendants' failure to comply with Judge Shushan's Order of October 1, 2012 and this Court's Orders regarding discovery, as well as the failure of Ted Brennan and June Wiley to appear for their depositions.

> **D.      Brennan's, Inc.'s Liabilities Exceed the Total of its Fairly Appraised Assets, and thus it is Insolvent Under Louisiana Civil Code article 2037**

Defendants' failure to comply with their discovery obligations, including the failure of Ted Brennan and June Wiley to appear for their depositions, has impaired plaintiffs' ability to produce evidence of Brennan's, Inc.'s insolvency.  The Court finds that plaintiffs have made a prima facie showing that Brennan's, Inc. is insolvent as defined by Louisiana Civil Code article 2037, as its fairly appraised assets as of December 10, 2012 are $10,486,738, and its liabilities as of December 10, 2012 are $17,120,820.30, as set forth in plaintiffs' proposed findings of fact and conclusions of law.[49]   The Court finds that this sanction is just and is specifically related to defendants' failure to comply with Judge Shushan's Order of October 1, 2012 and this Court's Orders regarding discovery, as well as

---

[48] *See, e.g.* R. Doc. 80-1 at p. 2 (detailing plaintiffs' discovery requests relating to Ted Brennan's debt to Brennan's, Inc. and Brennan's, Inc.'s efforts to seek repayment of the loans, and defendants' refusal to provide information responsive to those requests).

[49] R. Doc. 154.

the failure of Ted Brennan and June Wiley to appear for their depositions.

**E.     Brennan's, Inc.'s Failure to Seek Repayment of Ted Brennan's Loans Increased Brennan's, Inc.'s Insolvency**

Plaintiffs have alleged that Brennan's, Inc.'s failure to seek repayment of the loans owed by Ted Brennan either caused or increased Brennan's, Inc.'s insolvency.  Defendants have repeatedly argued that plaintiffs cannot prove that Brennan's, Inc. is insolvent, and thus that plaintiffs cannot prove that Brennan's, Inc.'s failure to seek repayment of Ted Brennan's loans caused or increased Brennan's, Inc.'s insolvency.  However, as explained above, the Court has found that plaintiffs have made a prima facie showing that Brennan's, Inc. is insolvent.  As a result, the Court also finds that plaintiffs have made a prima facie showing that Brennan's, Inc.'s failure to exercise its right to seek repayment of loans owed by Ted Brennan caused or increased that insolvency.   The Court finds that this sanction is just and is specifically related to defendants' failure to comply with Judge Shushan's Order of October 1, 2012 and this Court's Orders regarding discovery, as well as the failure of Ted Brennan and June Wiley to appear for their depositions.

**III.    Evidence Allowed to be Presented by Defendants**

Because plaintiffs have been found by the Court to have presented a prima facie case with respect to the elements of their oblique action, the burden has shifted to defendants to rebut plaintiffs' case.  Because of their repeated failures to appear for their depositions, in blatant violation of Judge Shushan's and this Court's Orders, Ted Brennan and June Wiley will not be allowed to testify at the trial of this matter.  *See* FED. R. CIV. P. 37(b); FED. R. CIV. P. 37(d).  Defendants may call as a witness the only other person listed by them in

18

the joint pretrial order: Bridget Brennan Tyrrell.  Defendants will be allowed to introduce only documents produced by them on or before November 20, 2012, including those documents produced in response to the Court's November 16, 2012 Order.[50]  Defendants will not be allowed to introduce testimony or documentary evidence regarding Ted Brennan's alleged guarantee of a $1,200,000 loan for Brennan's, Inc.   The Court finds that this sanction is just and is specifically related to defendants' failure to comply with Judge Shushan's Order of October 1, 2012 and this Court's Orders regarding discovery, as well as the failure of Ted Brennan and June Wiley to appear for their depositions.

## IV.   Attorney's Fees and Costs

In addition to the sanctions detailed above, the Court, having determined that defendants' discovery failures are not justified, finds that Brennan's, Inc. and Ted Brennan are liable to plaintiffs, *in solido*, for attorney's fees and costs incurred by plaintiffs, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), in connection with the following motions: (1) plaintiffs' September 7, 2012 motion to compel;[51] (2) plaintiffs' September 25, 2012 motion for contempt and sanctions;[52] (3) plaintiffs' October 1, 2012 supplemental motion for contempt and sanctions;[53] and (4) plaintiffs' October 12, 2012 renewed motion for contempt and sanctions.[54] The Court refers the determination of the amount of attorney's

---

[50] *See* R. Doc. 148-2; R. Doc. 148-3.

[51] R. Doc. 72.

[52] R. Doc. 80.

[53] R. Doc. 96.

[54] R. Doc. 109.

fees and costs payable to plaintiffs to the assigned Magistrate Judge.

## CONCLUSION

For the reasons set forth above, the Court declines to adopt Judge Shushan's Report and Recommendations. However, the Court finds that serious sanctions are indeed appropriate, given defendants' repeated failure to comply with their discovery obligations and the Orders of Judge Shushan and of this Court.  The Court imposes sanctions as set forth in this Order.

New Orleans, Louisiana, this 4th day of December, 2012.


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Court to Notify:
United States Magistrate Judge Sally Shushan