## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-137** |
| **THEODORE BRENNAN, et al.,**<br>    **Defendants** | **SECTION "E"** |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter was tried before the Court, sitting without a jury, on December 10, 2012.[1] Having considered the testimony and evidence at trial, the arguments of counsel, and the applicable law, the Court now issues the following Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52(a).  To the extent that any findings of fact may be construed as conclusions of law, the Court hereby adopts them as such. To the extent that any conclusions of law constitute findings of fact, the Court adopts them as such.

### PRELIMINARY STATEMENT

On December 4, 2012, the Court issued sanctions against defendants Theodore Brennan ("Ted Brennan") and Brennan's, Inc. because of defendants' repeated failure to comply with their discovery obligations under the Federal Rules of Civil Procedure and with the Orders of the assigned Magistrate Judge and of this Court.[2]  In that December 4, 2012 Order, the Court found that plaintiffs Edward Tuck Colbert ("Mr. Colbert") and Kenyon & Kenyon, LLP ("Kenyon & Kenyon") had established a prima facie case as to the five elements of their oblique action

---

[1] R. Doc. 186 (Minute entry from December 10, 2012 bench trial).

[2] *See* R. Doc. 163.

1

against defendants.[3]  The Court also limited the evidence defendants would be allowed to introduce at trial, and the witnesses defendants would be allowed to call to testify.[4]  The Court levied these sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, after finding the sanctions were just and specifically related to defendants' failure to comply with their discovery obligations.[5]  On December 7, 2012, plaintiffs informed the Court that they did not object to Ted Brennan or June Wiley testifying at trial, and the Court issued a Minute Entry in which it ordered that Ted Brennan and June Wiley would both be permitted to testify at trial.[6]

Because the Court found that plaintiffs had established a prima facie case with respect to the elements of their oblique action, the burden at trial was on defendants to rebut that prima facie case.  Plaintiffs were permitted, but were not required, to introduce documents into the record at trial in support of their prima facie case.

## FINDINGS OF FACT

1.    Mr. Colbert is an adult citizen and resident of the District of Columbia.[7]

2.    Kenyon & Kenyon is a limited liability partnership organized under the laws of the State of New York and having its principal place of business in the State of New York.  Kenyon & Kenyon has sixty-four limited liability partners, all of whom are individuals domiciled in the States of California, Maryland, New Jersey, New York, Virginia, Pennsylvania and/or the

---

[3] *Id*. *See* LA. CIV. CODE. ANN. art. 2044.

[4] *Id*.  In this Order, the Court ordered that Ted Brennan and June Wiley would not be allowed to testify because they failed to appear for their depositions.

[5] *Id*.

[6] R. Doc. 183.

[7] R. Doc. 1 (Complaint).

District of Columbia.  None of the limited liability partners of Kenyon & Kenyon is domiciled in Louisiana.[8]

3.   Ted Brennan is an adult citizen and resident of the State of Louisiana.[9]

4.   Brennan's, Inc. is a corporation organized under the laws of the State of Louisiana and having its principal place of business in the State of Louisiana.[10]

5.   Mr. Colbert and Kenyon & Kenyon are judgment creditors of Brennan's, Inc.  On March 31, 2011, the Civil District Court for the Parish of Orleans, State of Louisiana, entered a judgment in favor of Mr. Colbert and Kenyon & Kenyon against Brennan's, Inc.[11]  As of December 10, 2012, the total amount of that judgment, including interest, is $3,212,721.49.[12]  On June 14, 2011, the Civil District Court for the Parish of Orleans, State of Louisiana, entered a judgment in favor of Mr. Colbert and Kenyon & Kenyon against Brennan's, Inc.[13]  As of December 10, 2012, the total amount of that judgment, including interest, is $857,414.35.[14]  As of

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *See* Trial Exhibit 18.

[12] In reaching this figure, the Court utilized the 2012 Judicial Interest Calculator provided by the Louisiana State Bar Association.  The Court takes judicial notice of the Judicial Interest Rates for calendar years 2004-2012.  *See* Trial Exhibit 28.

[13] *See* Trial Exhibit 19.

[14] *See supra* note 12; *see also* Trial Exhibit 29.

December 10, 2012, the total amount Brennan's, Inc. owes to Mr. Colbert and Kenyon & Kenyon is $4,070,135.84.

6.     Brennan's, Inc. has not paid any portion of the March 2011 judgment or the June 2011 judgment.  While Brennan's, Inc. has appealed these judgments to the Louisiana Court of Appeals, Fourth Circuit, Brennan's, Inc. did not post a suspensive appeal bond in the Civil District Court for the Parish of Orleans, State of Louisiana.  As a result, in September 2011, plaintiffs began efforts to execute on the March 2011 judgment and the June 2011 judgment.[15]

7.     Ted Brennan is indebted to Brennan's, Inc.  As of June 28, 2011, the amount of Ted Brennan's debt to Brennan's, Inc. equaled $4,322,840.27.[16]

8.     Brennan's, Inc. is not seeking repayment of Ted Brennan's loans.[17]

9.     Brennan's, Inc.'s liabilities exceed its fairly appraised assets.  As of December 10, 2012, Brennan's, Inc.'s fairly appraised assets equaled $10,486,738.[18]  As of December 10, 2012, Brennan's, Inc.'s liabilities

---

[15] Mr. Colbert testified to this fact at trial.

[16] In its December 4, 2012 Order and Reasons, the Court found that plaintiffs had established a prima facie case as to the amount of Ted Brennan's debt to Brennan's, Inc.  R. Doc. 163.  Defendants did not rebut plaintiffs' prima facie case at trial.

[17] In its December 4, 2012 Order and Reasons, the Court found that plaintiffs had established a prima facie case that Brennan's, Inc. is not seeking repayment of Ted Brennan's loans.  R. Doc. 163.  Defendants did not rebut plaintiffs' prima facie case at trial.

[18] *See* Trial Exhibits 7, 15, 20, and 22. In its December 4, 2012 Order and Reasons, the Court found that plaintiffs had established a prima facie case as to the amount of Brennan's, Inc.'s fairly appraised assets.  R. Doc. 163.  Defendants did not rebut plaintiffs' prima facie case at trial.

equaled $17,120,820.30.[19]

10.     Mr. Colbert and Kenyon & Kenyon first learned of the extent of Brennan's, Inc.'s liabilities, the extent of Ted Brennan's loans, and the fact that Brennan's, Inc. was not seeking repayment of Ted Brennan's loans, after a September 2, 2011 judgment debtor examination of Brennan's, Inc.[20]

## CONCLUSIONS OF LAW

1.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue is proper because the Court has personal jurisdiction over Brennan's, Inc. and Ted Brennan. *See* 28 U.S.C. § 1391(b), (c).

2.     In this diversity case, the Court applies the prescriptive period of the forum state as substantive law. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).   Under Louisiana law, the burden of proving prescription ordinarily rests with the defendant. *Campo v. Correa*, 01-2707 (La. 6/21/02); 828 So.2d 502, 508.   However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that its claims have not prescribed. *Id.* at 508; *Carter v. Haygood*, 04-646 (La. 1/19/05); 892 So.2d 1261, 1267.   Article 2041 provides the

---

[19] *See* Trial Exhibits 1, 2, 3, 7, 9, 10, 14, 15, 18, 19, 20, 22, and 23.  In its December 4, 2012 Order and Reasons, the Court found that plaintiffs had established a prima facie case as to the amount of Brennan's, Inc.'s liabilities.  R. Doc. 163.  Defendants did not rebut plaintiffs' prima facie case at trial.

[20] Mr. Colbert testified that he and his law firm learned these facts for the first time after their attorneys conducted the September 2, 2011 judgment debtor examination of Brennan's, Inc. in the state court action.

5

prescriptive and peremptive periods for an oblique action:  "The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result." LA. CIV. CODE ANN art. 2041; *see also Nicholson Mgmt. & Consultants, Inc. v. Bergman*, 96-557 (La. App. 4 Cir. 9/25/96); 681 So.2d 471, 476 (article 2041 applies to oblique actions, even though it is contained in the revocatory action section of the Civil Code).  Because plaintiffs first learned that Brennan's, Inc.'s liabilities exceeded its fairly appraised assets, the extent of Ted Brennan's loans, and the fact that Brennan's, Inc.'s was failing to seek repayment of Ted Brennan's loans, in September 2011, well within the one year prescriptive period applicable to oblique actions, plaintiffs' oblique action is not facially prescribed or perempted.[21]  As a result, the burden was on defendants to prove that plaintiffs' claims are prescribed or perempted.  *Campo*, 828 So.2d at 508. Defendants have not carried that burden.  They have not introduced any evidence indicating that prescription began to run on plaintiffs' oblique action any earlier than September 2011.[22]  As a result, plaintiffs' oblique

---

[21] Plaintiffs instituted their oblique action against defendants in this Court on January 18, 2012. *See* R. Doc. 1.

[22] During cross-examination of Mr. Colbert, counsel for defendants questioned Mr. Colbert regarding the date Mr. Colbert, and Kenyon & Kenyon, learned of Ted Brennan's loans and the fact that Brennan's, Inc. was failing to exercise its right to seek repayment of Ted Brennan's loans.  Counsel for defendants questioned Mr. Colbert with respect to Trial Exhibit 32, which is a March 2011 state court pleading in which counsel for Mr. Colbert and Kenyon & Kenyon  made reference to loans by Brennan's, Inc. to the "Brennan Brothers."  Mr. Colbert explained, however, that he did not learn the extent of those loans and the extent of Brennan's, Inc.'s financial troubles, or the fact that Brennan's, Inc. was not seeking

action is timely.

3.      To succeed on their oblique action, plaintiffs were required to establish the following elements: (1) that they are creditors of Brennan's, Inc.; (2) that a third party is indebted to Brennan's, Inc. - in this case, that third party is Ted Brennan; (3) that Brennan's, Inc. is failing to exercise its right to seek repayment of Ted Brennan's debt to Brennan's, Inc., which right is not strictly personal to Brennan's, Inc.; (4) that Brennan's, Inc. is insolvent; and (5) that Brennan's, Inc.'s failure to exercise its right to seek repayment of the debt owed by Ted Brennan either caused or increased that insolvency. *See* LA. CIV. CODE ANN. art. 2044 ("If an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor.") Mr. Colbert and Kenyon & Kenyon have established a prima facie case with respect to each of these elements.[23]

4.      Plaintiffs are judgment creditors of Brennan's, Inc.

5.      Ted Brennan is indebted to Brennan's, Inc.

6.      Brennan's, Inc. is failing to exercise its right to seek repayment of Ted Brennan's debt to Brennan's, Inc., which right is not strictly personal to Brennan's, Inc.

---

repayment of Ted Brennan's loans, until September 2011. The Court finds that, even if Mr. Colbert and Kenyon & Kenyon knew or should have known of Brennan's, Inc.'s failure to seek repayment of Ted Brennan's loans in March 2011, and thus that the prescriptive period on plaintiffs' began to run at that time, this action, instituted in January 2012, would still be timely.

[23] R. Doc. 163.

7.      Under Louisiana Civil Code article 2037, "[a]n obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised assets." Because Brennan's, Inc.'s liabilities exceed the total of its fairly appraised assets, Brennan's, Inc. is insolvent.

8.      Brennan's, Inc.'s failure to exercise its right to seek repayment of Ted Brennan's loans either caused or increased Brennan's, Inc.'s insolvency.

9.      Defendants failed to rebut any of the elements of plaintiffs' oblique action. Defendants did not call any witnesses,[24] and defendants' cross-examination of Mr. Colbert, plaintiffs' only witness, did not yield any evidence contradicting plaintiffs' prima facie case.

10.     Mr. Colbert and Kenyon & Kenyon are entitled to judgment in their favor on their oblique action.  As a result, Mr. Colbert and Kenyon & Kenyon are entitled to exercise Brennan's, Inc.'s right, in Brennan's, Inc.'s name, to seek repayment of Ted Brennan's loans, to the extent Ted Brennan's loans do not exceed Brennan's, Inc.'s debt to plaintiffs.  *See La. Lift & Equip., Inc. v. Eizel,* 33,747 (La. App. 2 Cir. 11/1/00); 770 So.2d 859, 864 ("In the oblique action, the creditor exercises a right belonging to the debtor in the debtor's name.")

---

[24] Neither Ted Brennan nor June Wiley appeared for trial.  No corporate representative of Brennan's, Inc. appeared at trial.  Bridget Brennan Tyrrell, the individual who was designated as Brennan's, Inc.'s Rule 30(b)(6) corporate representative throughout this litigation, was not available to testify at trial.  Ms. Tyrrell's August 2012 deposition, in which she testified as the corporate representative of Brennan's, Inc., was introduced into the record by plaintiffs in lieu of her live testimony.  *See* Trial Exhibits 33-34.

## CONCLUSION

Based on the above findings of fact and conclusions of law, the Court finds that defendants failed to rebut plaintiffs' prima facie case on their oblique action. Accordingly, the Court finds that plaintiffs Edward Tuck Colbert and Kenyon & Kenyon, LLP are entitled to judgment in their favor on their oblique action. The Court will enter a judgment to that effect by separate order.

**IT IS ORDERED** that plaintiffs shall submit a proposed judgment for the Court's consideration no later than **December 17, 2012,** at **5:00 p.m.**

**New Orleans, Louisiana, this** 13th **day of December, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**